IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BRENDA LERMA, INDIVIDUALLY, AS NEXT FRIEND OF J.L. AND D.L., AND AS REPRESENTATIVE OF THE ESTATE OF LUIS LERMA; FOR AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR HIS DEATH UNDER THE TEXAS WRONGFUL DEATH AND SURVIVAL ACTS; <br>　　Plaintiffs <br><br> V. <br><br> BRIGGS & STRATTON CORPORATION, and BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC <br><br>　　Defendants | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION B-12-CV-229 <br><br><br><br> JURY DEMANDED |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **The meeting was held on March 14, 2013. Counsel of record Stuart White appeared on behalf of the Plaintiffs. Counsel of record Michael Terry appeared on behalf of all Defendants.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **None.**

3. Briefly describe what this case is about.

>This is a civil action for injuries and damages allegedly incurred by Plaintiffs in an electrocution incident involving the Plaintiffs' husband / father, Luis Lerma, who is now deceased. Luis Lerma died as a result of the injuries sustained in the incident. Plaintiffs seek wrongful death damages and survival damages for the decedent, as well as additional damages for past and future physical pain and mental anguish, past and future loss of earning capacity, past and future loss of wages and earnings, past and future disfigurement, past and future physical impairment, past medical care, and past and future bystander mental anguish.
>
>Plaintiffs allege causes of action against the Briggs and Stratton Defendants for strict liability, negligence, and gross negligence. Specifically, Plaintiffs allege that the portable generator was defective in design in that it lacked a ground-fault, circuit-interrupter ("GFCI"), which is a life-saving safety device. Plaintiffs allege that GFCI has been around since the 1960s and that the Briggs and Stratton Defendants have incorporated GFCI into the design of portable generators, but decided not to for the portable generator which took Luis Lerma's life. Plaintiffs further contend that the portable generator was defectively designed from a marketing standpoint as well in that it lacked adequate warnings.
>
>Defendants deny all of Plaintiffs' claims and specifically deny that the portable generator was defective by design or marketing. Defendants further deny that they were negligent and grossly negligent.
>
>Defendants contend not all portable generators contain GFCI protection. GFCI protection is a function of the intended use for the portable generator. If the portable generator had no GFCI protection and was being used in the context where GFCI protection was called for, then the generator was being misused.
>
>Defendants incorporate all other affirmative defenses outlined in their defensive pleadings on file with the Court.

4. Specify the allegation of federal jurisdiction.

   >This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 in that it is a civil action between completely diverse parties and that amount in controversy

      **exceeds the sum or value of $75,000.00, exclusive of interest and costs.**

      **Plaintiffs are citizens of Texas for purposes of 28 U.S.C. § 1332. The Briggs and Stratton Defendants are citizens of Wisconsin for purposes of 28 U.S.C. § 1332. The amount sought by Plaintiffs greatly exceeds $75,000.00, exclusive of interest and costs.**

      **Jurisdiction will still be proper when the parents of Luis Lerma are added to the lawsuit as they are Mexican nationals living in Mexico.**

5. Name the parties who disagree and the reasons.

      **None.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

      **Plaintiffs contemplate adding the parents of Luis Lerma as parties in the very near future. Defendants do not object to the addition of the parents.**

7. List anticipated interventions.

      **None.**

8. Describe class-action issues.

      **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

      **The parties have yet to make the initial disclosures required by Rule 26(a), but agree to do so by _March 29, 2013_**

10. Describe the proposed agreed discovery plan, including:

      A. Responses to all the matters raised in Rule 26(f).

**The parties have discussed the timing, form and requirement of the initial disclosures above. The parties state that they are serving their initial disclosures by *March 29, 2013*.**

**The parties further agree to and are available for a trial setting in *January 2014, at the Court's discretion*, with a discovery deadline of *December 9, 2013*.**

**The parties state that discovery may be needed on factual and expert issues that are raised by the pleadings and the circumstances of the accident at issue, more specifically as outlined below. The parties state that discovery should not be officially segregated into phases, but they expect that as a practical matter, discovery of fact witnesses will occur prior to the commencement of expert discovery. The parties believe that such discovery should take approximately eight (8) months, with five (5) months of fact witness discovery, to be followed by expert disclosures and expert discovery in the remaining three (3) months. These approximations are not meant as actual deadlines, and remain subject to the agreed-upon discovery deadlines.**

**The parties state that the following procedures should govern the handling of potentially privileged information. The parties agree that information protected by the attorney-client and/or work product privileges should not be requested or produced. The parties agree that as to documents for which protection is sought due to confidentiality, proprietary nature and/or trade secret privileges, the parties agree to work together in good faith to attempt to agree upon a proposed Agreed Motion for Protective Order. Should the parties not be able to agree, the issue will be submitted to the Court for consideration.**

B.   When and to whom the plaintiff anticipates it may send interrogatories.

**In an attempt to facilitate quick resolution of this matter, Plaintiffs sent initial Interrogatories, Requests for Admission, and Requests for Production to each Defendant. Plaintiffs also anticipate sending follow-up Interrogatories, Requests for Admission, and/or Requests for Production after receipt of Defendants' responses.**

    C.    When and to whom the defendant anticipates it may send interrogatories.

**Defendants anticipate propounding Interrogatories, Requests for Admission, and Requests for Production to Plaintiffs.**

    D.    Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiffs anticipate taking oral depositions of fact witnesses, emergency responders, Defendants' employees, including FRCP 30(b)6 depositions of Defendants, any experts designated by Defendants.**

    E.    Of whom and by when the Defendant anticipates taking oral depositions.

**Defendants anticipate taking oral depositions of fact witnesses, emergency responders, Plaintiffs, and any experts designated by Plaintiffs.**

    F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiffs anticipate being able to designate experts and provide reports by _September 16, 2013_.**

**Defendants anticipate being able to designate experts and provide reports _thirty (30) days_ after the designation date for Plaintiffs' expert designations and reports in the Court's scheduling order; therefore, if Plaintiffs' designation and report deadline is _September 16, 2013_, Defendant would anticipate being able to designate experts and provide reports by _October 16, 2013_.**

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiffs anticipate taking the depositions of all Defendants' designated experts, including those on design and marketing of the subject generator. The parties anticipated completing expert depositions by *November 16, 2013.* The parties agree that Plaintiffs' experts will generally be deposed first and the parties will work together to coordinate the order and schedule for depositions.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendants anticipate taking the depositions of all Plaintiffs' designated experts, including those on design and marketing of the subject generator. The parties anticipated completing expert depositions by *November 16, 2013.* The parties agree that Plaintiffs' experts will generally be deposed first and the parties will work together to coordinate the order and schedule for depositions.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **The parties are in agreement.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **Plaintiffs sent Interrogatories, Requests for Admission, and Requests for Production to the Defendants.**

13. State the date the planned discovery can reasonably be completed.

    **The parties anticipate that discovery can reasonably be completed by *November 9, 2013*.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f0 meeting.

    **The parties have discussed the possibility of early resolution and believe that at this stage, after initial written discovery and after the**

> **Defendants have had a chance to evaluate Plaintiffs' claims from written discovery and fact witness depositions, informal settlement negotiations and possibly an early mediation will be the most productive method to explore the possibility of early resolution.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **Each party has agreed to explore the possibility of early resolution by informal settlement negotiations and early mediation after initial discovery.**

    **Plaintiffs are making available the portable generator for inspection and Defendants anticipate the inspection will take place in the very near future.**

    **Plaintiffs have agreed to look for eyewitnesses present at the accident location and will attempt to set their depositions in the near future. The parties understand the Plaintiffs are not assuming an obligation that they have control over these witnesses.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **The parties will attempt to resolve the matter through informal settlement negotiations and mediation. The parties agree to mediate this matter by <u>September 23, 2013</u>.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties are <u>opposed</u> to a trial before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

    **A jury demand was timely made.**

19. Specify the number of hours it will take to present the evidence in this case.

    **Plaintiffs' counsel estimate that its evidence will take _forty (40) hours_ at the time of trial. Based upon Plaintiffs' allegations as pled to date, and Plaintiffs' estimate of the number of hours they will take to present their case, Defendants estimates their evidence will take at least _forty (40) hours_ at the time of trial.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None at this time.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **SICO, WHITE, HOELSCHER, HARRIS & BRAUGH, LLP**
    **Stuart R. White**
    **State Bar No. 24075268**
    **Federal ID No. 1144883**
    **Craig M. Sico**
    **State Bar No.  18339850**
    **Federal ID No.  13540**
    **900 Frost Bank Plaza**
    **802 N. Carancahua**
    **Corpus Christi, Texas 78401**
    **Telephone:  (361) 653-3300**
    **Facsimile:  (361) 653-3333**

    **ATTORNEYS FOR PLAINTIFFS**

**HARTLINE DACUS BARGER DREYER, LLP**
**Michael G. Terry**
**State Bar No. 19799800**
**Federal I.D. No. 926**
**800 N. Shoreline, St. 2000 –North Tower**
**Corpus Christi, Texas 78401**
**(361) 866-8000**
**(361) 866-8039 - Fax**

**ATTORNEYS FOR DEFENDANTS**

    Respectfully submitted,

    SICO, WHITE, HOELSCHER, HARRIS
     & BRAUGH, LLP

    By: /s/ *Stuart R. White*
     Stuart R. White
     State Bar No. 24075268
     Federal ID No. 1144883
     900 Frost Bank Plaza
     802 N. Carancahua
     Corpus Christi, Texas 78401
     Email:  swhite@swbtrial.com
     Telephone:  (361) 653-3300
     Facsimile:   (361) 653-3333

    ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

Craig M. Sico
Texas State Bar No. 18339850
Federal ID No. 13540
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH, LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Email:  csico@swbtrial.com
Telephone:  361/653-3300
Facsimile:  361/653-3333

HARTLINE DACUS BARGER DREYER, LLP

By: /s/ *Michael G. Terry*
    Michael G. Terry
    State Bar No. 19799800
    Federal I.D. No. 926
    800 N. Shoreline, St. 2000 – North Tower
    Corpus Christi, Texas 78401
    Telephone: (361) 866-8000
    Facsimile:  (361) 866-8039

ATTORNEYS FOR BRIGGS & STRATTON DEFENDANTS

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 14th day of March, 2013, a true and correct copy of the above and foregoing document was served upon the following counsel of record via the Court's electronic filing system in accordance with the Federal Rules of Civil Procedure.

Michael G. Terry
HARTLINE DACUS BARGER DREYER, LLP
800 N. Shoreline, St. 2000 – North Tower
Corpus Christi, Texas 78401

*Attorneys for Briggs & Stratton Defendants*

                 /s/ *Stuart R. White*
                Stuart R. White