IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 2 5 2014

David J. Bradley, Clerk of Court

| | |
|---|---|
| BRENDA LERMA, INDIVIDUALLY, AS NEXT FRIEND OF J.L. AND D.L., AND AS REPRESENTATIVE OF THE ESTATE OF LUIS LERMA; FOR AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR HIS DEATH UNDER THE TEXAS WRONGFUL DEATH AND SURVIVAL ACTS; LUIS ORALDO LERMA MIRELES and NINFA CANTU GARCIA DE LERMA<br>　　Plaintiffs<br><br>V.<br><br>BRIGGS & STRATTON CORPORATION, and BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC<br>　　Defendants | § § § § § § § § § § § § § § § § § § § § § § § § §　CIVIL ACTION NO. 1:12-229<br><br>JURY DEMANDED |

**ORDER APPROVING SETTLEMENT BETWEEN
PLAINTIFFS AND DEFENDANTS AND FINAL JUDGMENT**

On _June 25_, 2014, came on to be heard the above-styled and numbered action wherein Brenda Aracely Lopez a/k/a Brenda Lerma, Individually, as next friend of J.L. and D.L., and as Representative of the Estate of Luis Lerma, and for and on behalf of all those entitled to recover for the death of Luis Lerma under the Texas Wrongful Death and Survival Acts, Luis Oraldo Lerma Mireles and Ninfa Cantu Garcia de Lerma (together,

1

"Plaintiffs") are Plaintiffs and Briggs & Stratton Corporation, and Briggs & Stratton Power Products, Group, LLC (together "Defendants") are Defendants.

The parties came in person and by and through their respective attorneys of record and made known to the Court that any previously made jury demand are waived, and that all matters of fact and things in controversy are submitted to the Court. The named parties announced to the Court that they had agreed to settle and compromise all issues, claims and causes of action now existing or that may hereafter arise between Plaintiffs and Defendants. The total amount of the settlement is confidential, the terms of which are described in a Compromise Settlement Agreement and Release (the "Settlement Agreement"), a copy of which was filed under seal.

It is understood and agreed that Plaintiffs, in consideration for the agreements of the Defendants to settle this controversy for the sums described in the Settlement Agreement will pay, discharge or indemnify and hold the Defendants harmless for any and all outstanding unpaid hospital charges, hospital bills, medical bills, rights of reimbursement or other bills and expenses, including any held by a worker's compensation carrier. It was explained to the Court that all parties have agreed that if this Order Approving Settlement is approved by the Court that neither Plaintiffs nor anyone claiming by, through or under them will be able to recover anything further of and from the Defendants.

It having appeared to the Court that a potential conflict of interest exists between the adult Plaintiff, Brenda Aracely Lopez a/k/a Brenda Lerma, and the minor children, J.L. and D.L., in the division of the proceeds of the settlement, the Court has appointed Cary Toland, a practicing attorney in this district in Texas, duly licensed and in good standing with the State Bar of Texas, as Guardian *Ad Litem* for J.L. and D.L.; and Guardian *Ad Litem* has been apprised of all matters of fact concerning this controversy and settlement thereof.

After reviewing the pleadings filed in this case, the Court heard evidence touching upon such compromise and settlement agreement, with reference to the material facts regarding the accident, and all matters pertaining to the alleged liability of the Defendants and the damages to Plaintiffs, as well as the capacity of the parties to prosecute this action as stated herein. Upon hearing the evidence, the Court is of the opinion that such settlement agreement is in the best interest of Plaintiffs and that the terms of the settlement agreement are in all respects reasonable. It is understood and agreed by the Plaintiffs that the payment of the monies herein described is in settlement of disputed claims, that the Defendants have denied liability and continue to deny liability of whatever nature to the Plaintiffs. It is further understood and agreed that the Defendants herein by these settlement agreements make no admission of liability to the Plaintiffs, nor to any other person, firm, corporation or other entity who did not assert a

claim or file a lawsuit against the Defendants, but rather that the Defendants make this settlement solely to purchase their peace and to avoid the vexation and expense of further litigation.

Accordingly, the Court makes the following findings and Orders:

The Court finds that Plaintiffs and the Defendants have satisfactorily compromised and settled all of the issues involved herein.

The Court is of the opinion that the Settlement Agreement executed by the Plaintiffs is fair and equitable and that the same should be, and are hereby in all things approved, and the Court hereby specifically finds that the Settlement Agreement is in the best interests of the minor children, J.L. and D.L. The Court further finds that each of the Defendants has given good and valuable consideration to each of the adult and minor Plaintiffs for the settlement of this lawsuit.

The Court further finds that the amounts are to be paid in full satisfaction of any and all claims arising from this accident which Plaintiffs have or might ever have against the Defendants or their respective officers, directors, shareholders, owners, agents, servants and employees, parts suppliers and manufacturers, and dealers, and that under no legal or equitable theory may they hereafter recover either directly or indirectly any further sums by reason of any new suits, new theories, new or different claims, actions, cross-actions, counter-actions, or third-party actions, or other actions whatsoever, and further that this settlement and Order Approving

Settlement shall fully bind any different personnel, personal representatives, administrators, guardians, or others representing the person or estate of any Plaintiff herein named.

The Court further finds that the minor J.L.'s portion of the settlement figure shall be as follows:

Funding of the Trust shall be as follows for J.L.:

a check shall issue in the amount of $600.00 payable to the Arc of Texas Master Pooled Trust IV as the enrollment fee to fund a subaccount for the benefit of J.L.; and

a check shall issue in the amount of the net cash lump-sum allocated for the benefit of the Beneficiary by reason of the settlement reached by the parties in this Civil Action payable to JP Morgan/Chase to fund the Arc of Texas Master Pooled Trust IV subaccount for the benefit of J.L., to be held and administered by the Trustee as provided in the Order Establishing the Arc of Texas Master Pooled Trust IV.

Court further finds that the minor D.L.'s portion of the settlement figure shall be as follows:

Periodic payments made according to the Schedule of Payments to D.L. as follows:

1) $6,000.00 payable semi-annually, guaranteed for 5 years(s), commencing on 08/01/2029, with the with final payment on 02/01/2034

2) $652.43 payable monthly, guaranteed for 5 years(s), commencing on 08/01/2029, with the final payment on

07/01/2034

The Court further finds that the obligation to make periodic payments described herein may be assigned to MetLife Tower Resources Group and funded by annuity contracts issued by Metropolitan Life Insurance Company. In that regard, the Court finds that the requirements of Section 142.008 and 142.009 of the Texas Property Code have been met.

The Court further finds that any payments to be made after the death of the Payee, pursuant to the terms of the agreement between the parties, shall be made to the Estate of the deceased Payee.  After the age of majority, the Payee may submit a change of beneficiary in writing to Assignee in a form acceptable to Assignee.

The Court further finds that upon completion of the assignment, Defendants shall have no further obligation to Plaintiffs, their heirs, and assigns; and the completion of the assignment shall operate as a full and complete release of this Order Approving Settlement and Final Judgment.

The Court finds that the remainder of the agreed upon settlement amounts shall be paid to Sico, White, Hoelscher & Braugh, LLP to be distributed to the Plaintiffs in a manner to be agreed upon between the respective Plaintiffs and their attorneys.

The Court further finds that the terms of the Settlement Agreement provide that Plaintiffs will pay all fees due to their attorneys from the settlement amounts set forth in the Settlement Agreement.  Plaintiffs and

their attorneys acknowledge and agree that Defendants and the other released parties and entities shall bear no responsibility for payment of Plaintiffs' attorneys' fees.

The Court further finds that the Plaintiffs have agreed that all medical aid, hospital services, doctor services, psychiatric or psychological services, chiropractor services, nursing, drugs, funeral and burial expenses, property damage, worker's compensation, attorney fees (including hourly fees), and Medicare, Medicaid and hospital liens past, present, and future arising as a result of the underlying accident have been or will be paid or compromised by Plaintiffs. Plaintiffs have further agreed to INDEMNIFY, HOLD HARMLESS, and DEFEND the Defendants from any and all such claims, demands, actions, and causes of action of any nature or character and any other claims, demands, actions, and causes of action which may have been or may hereafter be asserted against the Defendants by any person, insurer, firm, company, and/or corporation (including, but not limited to, any and all Medicare/Medicaid liens) claiming under any alleged subrogation rights, including, but not limited to property damage, worker's compensation liens, child support liens or judgments, attorney fees, and/or hospitals' or doctors' liens under the Texas Hospital Lien Law.

The Court further finds that Brenda Aracely Lopez a/k/a Brenda Lerma is authorized to settle and compromise all claims on behalf of the minors J.L. and D.L.

7

The Court approves the settlement entered into by the parties and find that the claims of Plaintiffs against each of the Defendants should be dismissed with prejudice; and that the claims of Plaintiffs asserted or which could have been asserted herein against the Defendants are fully satisfied in all respects, and that no execution shall ever issue herein.

It is ORDERED, ADJUDGED, and DECREED that all claims filed or which could have been filed by Brenda Aracely Lopez a/k/a Brenda Lerma, Individually, as next friend of J.L. and D.L., and as Representative of the Estate of Luis Lerma, and for and on behalf of all those entitled to recover for the death of Luis Lerma under the Texas Wrongful Death and Survival Acts, Luis Oraldo Lerma Mireles and Ninfa Cantu Garcia de Lerma against the Defendants are dismissed with prejudice.

It is further ORDERED, ADJUDGED and DECREED that costs of Court incurred herein are taxed against the party incurring same.

It is further ORDERED, ADJUDGED and DECREED that the Defendants pay the amount of $4,375.60 to the Guardian *Ad Litem* for services related to this matter, to be paid by Defendants.

It is further ORDERED, ADJUDGED and DECREED that all relief requested or which could possibly be requested by any of the parties hereto which is not herein specifically granted is denied.

It is further ORDERED, ADJUDGED and DECREED that this judgment fully and finally disposes of all parties and all claims and is appealable.

SIGNED the 25 day of June, 2014

Hilda Tagle
Senior United States District Judge

**APPROVED AND AGREED:**

/s/ *Craig M. Sico*
Craig M. Sico
Attorney-in-charge
Texas State Bar No. 18339850
Federal ID No. 13540
csico@swhhb.com
SICO, WHITE, HOELSCHER, HARRIS
    & BRAUGH, LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas  78401
Telephone:  361/653-3300
Facsimile:  361/653-3333

*ATTORNEYS FOR PLAINTIFFS*

/s/ *Cary M. Toland*
Cary M. Toland
Texas State Bar No. 00785112
Federal ID No. 17558
cary@carytolandlaw.com
Law Office of Cary M. Toland PC
855 E. Harrison St.
Brownsville, TX  78520
Telephone: (956) 544-4607

*GUARDIAN AD LITEM FOR MINORS, J.L. and D.L.*

9

/s/ *Michael G. Terry*
Michael G. Terry
Attorney-in-Charge
Texas State Bar No. 19799800
Federal Bar No. 926
mterry@hdbdlaw.com
**HARTLINE DACUS BARGER DREYER LLP**
One Shoreline Plaza
800 N. Shoreline Blvd.
Suite 2000 – North Tower
Corpus Christi, TX 78401
Telephone: (361) 866-800
Facsimile: (361) 866-8039

*ATTORNEYS FOR DEFENDANTS*